IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE D. LEFFEBRE, | : | Civil No. 1:20-CV-1896 |
| Petitioner, | : | |
| v. | : | |
| WARDEN QUAY, *et al.,* | : | |
| Respondents. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

On October 7, 2020, self-represented Petitioner Andre David Leffebre ("Petitioner" or "Leffebre"), formerly incarcerated at Federal Correctional Complex in Allenwood, Pennsylvania, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  (Doc. 1.)  Petitioner contends that his purported "unjust[ ] [administrative] detention in the Special Housing Unit ["SHU"] since April 27, 2020" absent an incident report or criminal charge violates his due process rights.  (*Id*., p. 2.)[2]  As relief, he seeks a change of his maximum custody level designation, release from the SHU, and monetary compensation.  (*Id*., p. 15.)  Respondent filed a timely response on December 8, 2020, asserting the Petitioner's § 2241 petition should be dismissed as he fails to state a cognizable habeas corpus claim.  (Doc. 12.)  Although granted an enlargement of time to file a traverse,

---

[1] Petitioner is currently housed at USP Beaumont, in Beaumont, Texas.

[2] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

Petitioner has not done so.  Also pending before the court is Petitioner's unbriefed motion to compel.  (Doc. 15.)  For the reasons set forth below, Petitioner's § 2241 petition will be denied and his motion to compel deemed withdrawn.

### BACKGROUND

Each federal inmate's custody classification is scored by the Bureau of Prisons ("BOP") every twelve months and is "based on an inmate's criminal history, instant offense, and institutional adjustment.  A custody level (i.e., **COMMUNITY**, **OUT**, **IN**, and **MAXIMUM**) dictates the degree of staff supervision required for an individual inmate."  (Doc. 12-2, p. 13.)  Leffebre's last custody classification scoring took place on June 4, 2020, but it has remained unchanged since 2005.  (Doc. 12-1, pp. 12-13.)  Since 2005, the BOP has assigned Leffebre a maximum custody score which includes a public safety factor for sentence length.  (*Id.*, p. 13.)  Leffebre's projected release date via good-time conduct is February 23, 2035.  (*Id.*, p. 10.)

On March 26, 2020, Leffebre was removed from USP Allenwood's Challenge Program and transferred to the SHU after he threatened a psychology intern and was reported as using derogatory language when describing the Program Coordinator.  (*Id.*, p. 16.)  On April 6, 2020, during Leffebre's hearing before a Disciplinary Hearing Officer ("DHO"), "Leffebre admitted the charge."  (*Id.*, p. 17.)  The DHO found Leffebre guilty of being insolent toward staff.  As a penalty

for his misconduct, Leffebre lost four months of commissary privileges. (*Id.*, pp. 17-18.) Leffebre was placed in the SHU under Administrative Detention ("AD") on March 26, 2020, and remained there as of the date of Respondent's response to the petition on December 8, 2020. (*Id.*, p. 33; Doc. 12, p. 4.) At some point during the pendency of this matter, Leffebre was transferred from USP Allenwood to USP Beaumont in Texas.

## DISCUSSION

The "heart of habeas corpus" is to provide relief in the form of an immediate or speedier release from confinement. *See Leamer v. Fauver*, 288 F.3d 532, 541 (3d Cir. 2002). A habeas petition brought pursuant to § 2241 is appropriate where a prisoner challenges the fact or duration of his confinement, but generally not the conditions of that confinement. *Preiser v. Rodriquez*, 411 U.S. 475, 499 (1973). Where a petitioner challenges a condition of confinement, and a favorable outcome would not alter his conviction or sentence, a *Bivens* or § 1983 civil rights action is appropriate. *McGee v. Martinez*, 627 F.3d 933, 934 (3d Cir. 2010); *Leamer*, 288 F.3d at 542. As such, "habeas corpus is *not* an appropriate or available federal remedy" in actions seeking monetary damages. *Preiser*, 411 U.S. at 494 (emphasis added).

Leffebre's claims do not sound in habeas. Claims concerning the determination of a petitioner's custody level do not lie at the heart of habeas and,

therefore, are not cognizable in a § 2241 petition. *See Briley v. Warden Fort Dix FCI*, 703 F. App'x 69, 71 (3d Cir. 2017) (holding that a challenge to security classification falls outside of § 2241). Petitioner's disciplinary sanction, which did not involve the loss of good conduct time, does not implicate a liberty interest protected by the Due Process Clause or impact the length or duration of his underlying sentence. *Leamer*, 288 F.3d at 542. Similarly, his placement in the SHU under administrative segregation does not implicate a protected liberty interest. *See Robinson v. Norwood*, 535 F. App'x 81, 83 (3d Cir. 2013) ("Placement in administrative segregation for days or months at a time does not implicate a protected liberty interest."). Moreover, to the extent Leffebre's complaints of his SHU conditions of confinement constituted cruel and unusual punishment in violation of the Eighth Amendment, such claims are more appropriately raised in an action pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bur. Of Narcotics*, 403 U.S. 388 (1971). *See Preiser*, 411 U.S. at 494 (when prisoner seeks relief other than his immediate or speedier release from confinement, habeas corpus is not the appropriate or available federal remedy).

    Because Leffebre's claims clearly do not sound in habeas, the petition will be denied without prejudice to seeking relief through a *Bivens* civil rights action challenging his conditions of confinement while in the SHU. In addition, Leffebre's motion to compel the production of his central file, Doc. 15, will be

deemed withdrawn pursuant to M.D. Pa. Local Rule 7.5 as he failed to file a supporting brief.

## CONCLUSION

For the reasons stated herein, Leffebre's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 will be denied and his motion to compel deemed withdrawn due to his failure to file a supporting brief.

An appropriate order will follow.

Dated: September 23, 2021

s/ Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania